## EXHIBIT A

## PROMISSORY NOTE

This Promissory Note ("Note") is given by INTA JUICE ENTERPRISES, INC. ("Inta Juice") for and in consideration of that certain Confidential Mutual Release and Settlement Agreement dated as of 2ND day of August, 2006, the promises and covenants therein, and other good and valuable consideration the receipt of which is hereby acknowledged.

1. *Payments*. Inta Juice shall pay Robert M. Wiener ("Wiener") the principal sum of ONE HUNDRED FIFTEEN THOUSAND AND 00/100 DOLLARS ($115,000.00), together with interest at a rate of NINE AND TWENTY-FIVE ONE HUNDREDTHS PERCENT (9.25%) per annum, in monthly installments as follows:

   a. Commencing September 1, 2006, and on the first of each month thereafter for the following 23 months, Inta Juice shall make payments of principal only in the sum of ONE THOUSAND SIX HUNDRED SIXTY SIX AND 00/100 DOLLARS ($1,666.00).

   b. Commencing on the first day of the 25th month following the execution of this Agreement, and then the first of each month for the next 35 months, Inta Juice shall make payments of ONE THOUSAND SIX HUNDRED SIXTY SIX AND 00/100 DOLLARS ($1,666.00) plus accrued interest at the rate described above.

   c. On the first day of the 60th month following the execution of this Agreement, Inta Juice shall make a final balloon payment of all remaining principal and interest due and owing hereunder.

Payment shall be deemed made when placed in the United States Mail, postage pre-paid, addressed to Robert M. Wiener, 1086 Tithing View Court, Riverton, Utah 84065.

2. *Security*. The obligations of this Note shall be secured by those certain creative works subject to the copyright registrations described in the UCC-1 Financing Statement attached as **Exhibit B** to the Confidential and Mutual Release and Settlement Agreement, which may be filed with the Colorado Secretary of State. Upon payment in full of all sums due and owing hereunder, Wiener shall cause a release of the UCC-1 Financing Statement to be filed with the Secretary of State of Colorado.

3. *Representations*. The authorization, execution and delivery of this Note shall not constitute or result in a material default or violation of any law or regulation applicable to Inta Juice or any material term or provision of Inta Juice's current Certificate of Incorporation or bylaws, or any material agreement or instrument by which it is bound or to which its properties or assets are subject. All corporate action has been taken on the party of Inta Juice, its officers, directors and stockholders necessary for the authorization, execution and delivery of this Note. Inta Juice has taken all corporate action required to make all the obligations of Inta juice reflected herein the valid and enforceable obligations they purport to be.

4812-1374-8481.2

4. *Prepayment.* Inta Juice may prepay the obligations hereunder at any time, without penalty. In the event that Inta Juice pays the entire principal sum due hereunder within the first 24 months following the execution of this Note, Inta Juice shall pay interest at the Applicable Federal Rate, as defined by the Internal Revenue Service, as of the date of the final payment in lieu of the interest rate set forth in Paragraph 1 of this Note. In the event Inta Juice pays the entire amount due hereunder after the 24th month following the execution of this Note, interest shall accrue at a rate of NINE AND TWENTY-FIVE HUNDREDTHS PERCENT (9.25%) as set forth in Paragraph 1 of this Note.

5. *Monetary Default, Notice, and Cure.* Inta Juice shall be in default under this Note if any payment due hereunder is not received by Wiener within fifteen (15) days of the date when due.

   a. In the event of a monetary default under this Paragraph 5, Wiener shall provide written notice of such default to Inta Juice at the following address:

Richard Pickett
Inta Juice Enterprises, Inc.
2032 Lowe Street
Fort Collins, Colorado 80525

With a copy to:

Paul E. Belitz, Esq.
Craig N. Johnson, Esq.
Kutak Rock LLP
1801 California Street, Suite 3100
Denver, Colorado 80202

Notice shall be deemed given upon placement of written notice in the United States Mail, postage pre-paid, or upon delivery of such written notice via hand delivery to the above.

   b. Inta Juice shall have thirty (30) days from the date notice was given to cure the monetary default.

   c. If a monetary default under this Note is not cured within thirty (30) days following written notice of such default, Wiener may immediately claim all sums due and owing hereunder immediately due and payable, and may demand immediate possession of all collateral pledged in connection herewith, and may commence an action to enforce this Note as provided hereunder.

6. *Non-Monetary Default.* A non-monetary default shall exist under this Note in the event any of the following occur:

   a. Inta Juice makes an assignment for the benefit of creditors, or admits in writing its inability to pay its debts as they become due, or files a voluntary petition for bankruptcy, or files any petition or answer seeking for itself any reorganization,

arrangement, composition, readjustment, dissolution or similar relief under any present or future statute, law or regulation, or files any answer admitting the material allegations of a petition filed against Inta Juice in any such proceeding, or seeks or consents to or acquiesces in the appointment of any trustee, receiver or liquidator of Inta Juice, or of all or substantially all of the properties of Inta Juice, or Inta Juice or its respective directors or a majority of its stockholders takes any action looking to the dissolution or liquidation of Inta Juice; or

    b.    thirty (30) days after the commencement of any proceeding against Inta Juice seeking any bankruptcy reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, such proceeding shall not have been dismissed or, within thirty (30) days after the appointment without the consent or acquiescence of Inta Juice any trustee, receiver or liquidator of Inta juice or of all or substantially all of the properties of Inta Juice, such appointment shall not have been vacated.

In the event of a non-monetary default under this Paragraph 6, Wiener may, without expiration of any grace period, claim all sums due and owing hereunder immediately due and payable, and may demand immediate possession of all collateral pledged in connection herewith, and may commence an action to enforce this Note as provided hereunder.

    7.    *Enforcement.*  It is expressly agreed and understood that jurisdiction and venue in any action to enforce the obligations hereunder shall be proper in the State of Colorado, and by accepting this Note, Wiener waives any objections thereto. Wiener may not sell, transfer, assign, execute or levy upon any collateral pledged hereunder until the amount of Inta Juice's obligations are fixed by a court of competent jurisdiction.

    8.    *Interpretation.*  This Promissory Note shall be governed, construed and interpreted in accordance with the laws of the State of Colorado.

    9.    *Assignment and Binding Effect.*  Except as otherwise provided herein, the terms and conditions of this Note shall inure to the benefit of and be binding upon the respective successors and assigns of the parties. Wiener may not assign this Note or any security interest granted hereunder without the prior written consent of Inta Juice, which consent shall not be unreasonably withheld. Inta Juice may not assign this Note or the obligations created hereunder without the prior written consent of Wiener, which consent shall not be unreasonably withheld.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK**

DATED this 2ND day of August, 2006.

INTA JUICE ENTERPRISES, INC.

By: *Richard Pichett*
Its: President + CEO

ROBERT M. WIENER

_____