UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>INTA'JUICE ENTERPRISES, INC.,<br><br>　　　Debtor | Case No. 08-22053-EEB<br><br>Chapter 7 |
| KANAWHA CITY JUICE, LLC and<br>TOWN CENTER JUICE, LLC,<br><br>　　　Movants,<br>v.<br><br>INTA'JUICE ENTERPRISES, INC. and<br>C. WILLIAMS SCHLOSSER,<br>TRUSTEE,<br><br>　　　Respondents. | |

## ORDER ABANDONING PERSONAL PROPERTY AND GRANTING MOTION OF KANAWHA CITY JUICE AND TOWN CENTER JUICE

　　　THIS MATTER comes before the Court on the Motion of Kanawha City Juice, LLC and Town Center Juice, LLC ("Movants") to terminate the automatic stay pursuant to Bankruptcy Code §362 with respect to the Debtor's remaining personal property and to require the Trustee to abandon the Debtor's remaining personal property pursuant to Bankruptcy Code §554, the Limited Objection filed by the Trustee, the May 25, 2010 Stipulation between the Trustee and Movants, and the Debtor's Objection. The Court heard arguments and received exhibits from the parties at the hearing on May 25, 2010. Based on the Trustee's confession of the abandonment request, other than cash assets specified in the May 25, 2010 Stipulation, and the Trustee's representation that he will be withdrawing his prior motion to sell the personal property assets, it is accordingly

　　　**ORDERED** that, other than funds held by Trustee in the estate's bank account, the Debtor's remaining personal property is hereby abandoned pursuant to 11 U.S.C. §554. The personal property is of inconsequential value and benefit to the estate, especially given the likelihood of substantial litigation over the Trustee's ability to sell the assets, and the relatively small consideration that has been offered by the potential buyer and the objectors, making such property burdensome to the estate.

**FURTHER ORDERED** that this Order abandons the Debtor's remaining personal property to the Debtor, subject to any liens, claims, and other interests that may exist.

**FURTHER ORDERED** that, given its abandonment, such property is no longer property of the estate and is therefore no longer subject to the automatic stay pursuant to 11 U.S.C.§362(c)(1). Accordingly, Movants may proceed to enforce any interests they may hold in and to the Debtor's remaining personal property in any court of competent jurisdiction. In any such proceeding, the Debtor may assert whatever defenses may exist with respect to the Movants' assertion of an interest in this property.

**FURTHER ORDERED** that, to the extent that the Stipulation seeks to do anything more than confess the Movants' Motion (other than preserving the estate's interest in certain funds), then the Trustee and Movants shall give notice of the Stipulation to all interested parties. Paragraph 2 of the Stipulation appears to settle any disputes regarding the Movants' proofs of claim. In the absence of notice or further clarification, the Court will take no further action on the Stipulation and will not enter an Order approving it.

**FURTHER ORDERED** that the Trustee shall file a withdrawal of his Motion to Sell the remaining personal property **within ten days from the date of this Order.**

DATED this 1st day of June, 2010.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown
United States Bankruptcy Judge