## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| INTA' JUICE ENTERPRISES, INC. | )   CHAPTER 7 |
| EIN:  27-0071716 | )   CASE NO. 08-22053 EEB |
| | ) |
| Debtor. | ) |
| | ) |

## TRUSTEE'S MOTION FOR APPROVAL OF STIPULATION WITH KANAWHA CITY JUICE, LLC AND TOWN CENTER JUICE, LLC

Charles Schlosser, the Chapter 7 trustee ("Trustee") of the bankruptcy estate of Inta' Juice Enterprises, Inc., by his undersigned counsel, hereby requests Court approval of the Stipulation attached hereto.  In support hereof, Trustee states as follows.

1.      Inta' Juice Enterprises, Inc. ("Debtor") filed a voluntary Chapter 7 bankruptcy petition on August 12, 2008.  Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate.

2.      On November 24, 2008, Kanawha City Juice, LLC and Town Center Juice, LLC (the "Kanawha Parties") filed two proofs of claim, designated by the Court as Claim Numbers 13 and 14.  Claim Number 13 for $1,011,378.84 was filed as a secured claim, with the secured portion (value of collateral) unknown, and the unsecured portion unknown.  Claim Number 14 for $1,007,448.32 was also filed as a secured claim, with the secured portion (value of collateral) unknown, and the unsecured portion unknown.

3.      On April 26, 2010, the Kanawha Parties filed a Motion for Relief from Automatic Stay and Abandonment ("Motion"), requesting that the Court terminate the automatic stay to allow the Kanawha Parties to exercise their state law remedies with respect to their security interest in and lien upon all of Debtor's remaining personal property, including the trade name "Inta' Juice" (the "Property") and requiring Trustee to abandon the Property.

4.      Trustee filed a Limited Objection, objecting to the Motion only to the extent that the Kanawha Parties were seeking relief from the stay with respect to the approximately $25,500 in cash Trustee is holding in the estate's bank account, on the grounds that the Kanawha Parties did not have a lien on such funds, consisting of primarily of bank account funds and/or franchise fees generated post-petition.  The Debtor also objected to the Motion.

5.      On May 24, 2010, Trustee filed with the Court a Stipulation Regarding Trustee's Limited Objection to the Motion between Trustee and the Kanawha Parties.  In the Stipulation, a copy of which is attached hereto as Exhibit "A," the Kanawha Parties agree and stipulate that they release all claims asserting any lien upon the approximately $25,500 in funds that the Trustee has collected and is holding in the estate's bank account.  In addition, Trustee stipulates

that Trustee has no objection to Proofs of Claim filed by the Kanawha Parties, except to the extent that Claim Numbers 13 and 14 are duplicative of one another.

6.      On May 25, 2010, the Court conducted a hearing on the Kanawha Parties' Motion, at which the Debtor consented to relief from the stay and abandonment.  Accordingly, on June 1, 2010, the Court entered an Order authorizing the abandonment of the Property, other than the funds held by Trustee, subject to any liens, claims, and other interests that may exist. Due to the abandonment, the Court ordered that the Property, other than funds held by Trustee, was no longer subject to the automatic stay and therefore the Kanawha Parties "may proceed to enforce any interests they may hold in and to the Debtor's remaining personal property in any court of competent jurisdiction," with the Debtor able to assert whatever defenses available.  The Court further ordered that notice of the Stipulation be given before the Court would consider it.

7.      Trustee hereby requests that the Court approve the Stipulation attached hereto as Exhibit A.  Trustee believes that the Stipulation is fair and reasonable and in the best interest of the estate.   The Stipulation provides for the Trustee to retain the approximately $25,500 in funds held in the estate bank account without being subject to any further claim of lien by the Kanawha Parties.  Also, the Stipulation provides for the allowance of the Kanawha Parties' claim against the estate*, except* to the extent that Claims 13 and 14 are duplicative of one another. The Stipulation saves the estate the cost, uncertainty and delay that would otherwise be associated with the litigation over the claim of lien on the funds held by Trustee (and also litigation over allowance of the Proofs of Claim, which appear to Trustee to be valid).   The claims are duplicative, however, and Trustee reserves the right to oppose such duplication.

8.      The bar date for filing proofs of claim in this case was November 24, 2008.  If the Stipulation is approved, the Trustee would be in a position to make a distribution to unsecured claimants in the order of priorities set forth in the Bankruptcy Code because the Trustee would hold the $25,500 in funds free of any claim of lien by the Kanawha Parties. Because the Stipulation does not allocate the secured versus unsecured portion of the Proofs of Claims filed by the Kanawha Parties, such claims will need to be amended, however, upon resolution by the state court of any disputes concerning the Property and its disposition.

**WHEREFORE**, Trustee respectfully requests that the Court enter an order, a form of which is submitted herewith, approving the Stipulation and granting such other and further relief as the Court deems just and proper.

Dated:  June 24, 2010.                        Respectfully submitted,

*/s/Ellen Cadette*
Ellen Cadette, Esq. #25980
Connolly, Rosania & Lofstedt, P.C.
950 Spruce Street, Suite 1C
Louisville, CO 80027
Tel. (303) 661-9292
Fax (303) 661-9555
ellen@crlpc.com
*Counsel to Charles Schlosser, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 24, 2010, I served by pre-paid first class mail a copy of the **TRUSTEE'S MOTION FOR APPROVAL OF STIPULATION WITH KANAWHA CITY JUICE, LLC AND TOWN CENTER JUICE, LLC** and **PROPOSED ORDER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and the Local Bankruptcy Rules at the following addresses:

United States Trustee
999 18th Street, Suite 1551
Denver, CO  80202

Inta' Juice Enterprises, Inc.
2032 Lowe Street
No. 102
Fort Collins, CO  80525

Stephen J. Behm
151 St. Andrew's Court, Suite 610
P.O. Box 1056
Mankato, MN  56002-1056

Bonar, Iris S. & Christopher P.
913 Knobcone Place
Loveland, CO  80538-1910

David M. Rich
1873 S. Bellaire Street
Suite 1401
Denver, CO  80222-4359

Steven L. Thomas
P.O. Box 2031
Charleston, WV  25327-2031

Daniel W. Alexander
125 S. Howes St.
Ste. 401
Fort Collins, CO 80521

Charles W. Schlosser, Jr.
1888 Sherman Street, Suite 650
Denver, CO  80203

Brent K. Olsson
425 W. Mulberry Street
Suite 101
Fort Collins, CO  80521-2864

Gregory S. Bell
322 East Oak Street
Fort Collins, CO  80524-2915

Lisa K. Mayers
1700 Lincoln Street
Suite 3800
Denver, CO  80203-4538

Jerry Sumner
Bendinelli Law Office, P.C.
9035 Wadsworth Pkwy.
Suite 4000
Westminster, CO  80021-8631

Thomas H. Vanderford
P.O. Box 2786
Charleston, WV  25330-2786

/s/  *Carrie Urban*
Carrie Urban, Legal Assistant

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INTA' JUICE ENTERPRISES, INC. | ) | CHAPTER 7 |
| EIN: 27-0071716 | ) | CASE NO. 08-22053 EEB |
| | ) | |
| Debtor. | ) | |
| | ) | |

## STIPULATION REGARDING TRUSTEE'S LIMITED OBJECTION TO MOTION OF KANAWHA CITY JUICE, LLC & TOWN CENTER JUICE, LLC FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT

Charles Schlosser, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Inta' Juice Enterprises, Inc. (the "Debtor") and Kanawha City Juice, LLC and Town Center Juice, LLC, by their respective undersigned counsel, hereby stipulate and agree as follows:

## RECITALS

A.     On April 26, 2010, Kanawha City Juice, LLC and Town Center Juice, LLC (collectively, "Movants") filed a Motion for Relief from Automatic Stay and Abandonment ("Motion"), requesting that the Court terminate the automatic stay to allow Movants to exercise their state law remedies with respect to their security interest in and lien upon all of Debtor's remaining personal property, including the trade name "Inta' Juice" (the "Collateral") and requiring Trustee to abandon the Collateral.

B.     On May 17, 2010, Trustee filed a Limited Objection to the Motion, objecting to the Motion only to the extent that Movants were seeking relief from the automatic stay with respect to the approximately $25,500 in cash Trustee is holding in the estate's bank account, on the grounds that Movants do not have a lien on such funds, consisting of primarily of bank account funds and/or franchise fees generated post-petition.

C.     On November 24, 2008, Movants filed two proofs of claim, designated by the Court as Claim Numbers 13 and 14, respectively.  Movants filed Claim Number 13 in the amount of $1,011,378.84 as a secured claim, with the secured portion (value of collateral) unknown, and the unsecured portion unknown.  Movants filed Claim Number 14 in the amount of $1,007,448.32 as a secured claim, with the secured portion (value of collateral) unknown, and the unsecured portion unknown.

D.     After ongoing good faith discussions, Trustee and the Movants have resolved their disputes set forth in the Motion and the Trustee's Limited Objection, and stipulate as follows:

## STIPULATION

1.     Movants agree and stipulate that they release all claims asserting any lien upon the approximately $25,500 in cash that Trustee has collected and is holding in the estate's bank account, consisting of primarily of bank account funds and/or franchise fees generated post-petition.

2.     Based on the assignment of First National Bank's interests in its loans to the Debtor and the UCC-1 financing statement on file with the Colorado Secretary of State, and the Durable Power of Attorney dated March 31, 2006, given by Randy Moss to J. Timothy DiPiero (included in the prehearing Exhibits filed on behalf of Kanawha City Juice LLC and Town Center Juice, LLC) Trustee concludes that Mr. DiPiero had actual authority to sign the Promissory Note dated September 11, 2007 and related loan documents which are attached to Claim Numbers 13 and 14 in this case, and on this basis, Trustee has no objection to Movants' Proofs of Claim, except to the extent that Claim Numbers 13 and 14 are duplicative.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation this 24th day of May, 2010:

Ellen Cadette, Esq. #25980
Connolly, Rosania & Lofstedt, P.C.
950 Spruce St., Ste. #1C
Louisville, CO 80027
Tel. (303) 661-9292
ellen@crlpc.com
*Counsel for Charles Schlosser, Chapter 7 Trustee*

Lisa K. Mayers, Esq. #23335
Jamie N. Cotter, Esq. #40309
Grimshaw & Harring, P.C.
1700 Lincoln Street, Ste. 3800
Denver, CO 80203
Tel. (303) 839-3800
lmayers@grimshawharring.com

and
Steven L. Thomas, Esq.
West Virginia Bar No. 3738
Kay Casto & Chaney PLLC
PO Box 2031
Charleston, W. Va. 25327-2031
Tel. (304) 345-8900

*Counsel for Kanawha City Juice, LLC and Town Center Juice, LLC*